**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------X

MARIUS STANCU, on behalf of himself and all others similarly situated,

                              Plaintiff,

-against-

ETHOS GALLERY 51, LLC, and YIANNIS CHATIRIS *individually*

                              Defendant.
----------------------------------------------X

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, Marius Stancu, by his attorney, The Rose Law Group, PLLC, upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiff Marius Stancu ("Stancu") brings this action, on behalf of himself and all others similarly situated, against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay wages due and owed for hours employees were required to report to work, ready to perform work and actually performed work duties, and seeks to recover unpaid back wages and an additional amount as liquidated damages, reasonable attorneys' fees and costs. He also seeks repayment of tips which were unlawfully withheld from him and spread of hours pay.

2. Plaintiff Stancu also brings this action under the New York Labor Law § 215 for retaliation after he complained about Defendant's violations of the FLSA and NYLL wage and hour provisions.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C.

§216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

4. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

5. Venue is proper in this district based upon Defendant's residency within New York County, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6. That at all times relevant hereto, Plaintiff Marius Stancu ("Stancu") is a resident of the State of New Jersey and Hudson County.

7. Plaintiff Stancu is and was, during all relevant times, an employee for Defendant Ethos Gallery 51, LLC ("Ethos").

8. That at all times relevant hereto, Defendant Ethos was and is a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of New York.

9. That at all times relevant hereto, Defendant Ethos does business in the State of New York.

10. That at all times relevant hereto, Defendant Ethos is located at 905 1st Ave, New York, New York 10022.

11. That at all times relevant hereto, Defendant Yiannis Chatiris ("Chatiris") was and is the owner and manager of Ethos Gallery 51, LLC.

12. Upon information and belief, Defendant Ethos grossed more than $500,000.00 each year and served food which was moved in interstate commerce. Further, Plaintiff and Class Plaintiffs were directly involved in interstate commerce as they operated the credit card system which moved information and money through interstate commerce.

## **THE FLSA CLASS**

13. The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendant Ethos at any time from three (3) years prior to the filing of this case on an hourly basis as a bartender, waiter, busser and/or food runner, to entry of judgment in this case (the "Class" and "Class Period," respectively).

14. The precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendants.

15. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including each of the following distinct violations of the law to which Plaintiff was subjected:

    a. whether Defendants failed to compensate employees at an overtime premium for hours worked in excess of forty (40) hours each week;

    b. whether each employee was paid the full minimum wage for all hours worked;

    c. whether Defendants operated an illegal tip pool which shared tips with managers and other employees without all employees' consent and a valid calculation of each individuals' payout each night; and,

    d. whether Defendants illegally took a tip credit.

16. Plaintiff Stancu's claims are typical of the claims of the Class. Plaintiff Stancu will fairly and adequately protect the interests of the Class as he is no longer employed and thus not subject to threats of termination or other employment actions. Also, Plaintiffs' Counsel is experienced in these cases and has handled numerous class and collective actions within the Southern District and Eastern District Courts.

17. A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

18. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

19. At all times relevant to this action, Plaintiff Stancu and other Class Plaintiffs were employed by Defendants within the meaning of the FLSA.

20. At all times relevant to this action, based on the number of employees Defendants transacted and transacts commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question. This is based on the number of individuals employed being at minimum fifty (50) at various times and that their salaries were well in excess of $10,000.00 per person. Thus, at least $500,000.00 in business was done each year of Defendants' operation.

21. At all times relevant to this action, Defendants willfully failed to pay Plaintiff Stancu and other Class Plaintiffs for time which Class Plaintiffs are required to be at work and ready to work, and performing work..

22. At all times relevant to this action, due to Defendants' FLSA violations, Plaintiff Stancu and other Class Plaintiffs are entitled to recover from Defendants their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

## THE RULE 23 CLASS

23. Plaintiff Stancu also brings this action on behalf of himself and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

24. The class of eligible Plaintiffs consists of all persons who worked for Defendants as a "a bartender", "waiter", "busser" or "food runner" at any time from six (6) years prior to the

4

filing of this case to entry of judgment in this case, and who are not paid a minimum wage, overtime premium, were required to participate in an illegal tip pool and did not receive the appropriate wage notices in violation of the NYLL ("Rule 23 Class").

25. As the members of the Rule 23 Class are numerous and of an unknown number, joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants.

26. Plaintiff Stancu's claims are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

27. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

28. Plaintiff Stancu is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

29. Plaintiff Stancu has the same interests in this matter as all other members of the Rule 23 Class and Plaintiff Stancu's claims are typical of the Rule 23 Class.

30. There are common questions of law and fact affecting all members of the Rule 23 Class which predominate over any questions only affecting the individual members of the Rule 23 Class, including but not limited to:

   a. Whether Defendants employed the members of the Rule 23 Class within the meaning of the NYLL and FLSA;

    b.    Whether Defendants failed and/or refused to pay the members of the Rule 23 Class overtime premium pay for time worked each day which was in excess of forty (40) hours;

    c.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, punitive and statutory damages, interests, costs and disbursements and attorneys' fees;

    d.    Whether employees were paid a minimum wage for time worked each day between when they were required to be at work and when they were required to clock in;

    e.    Whether Defendants provided wage statements and notices to employees; and,

    f.    Whether Defendants should be enjoined from such violations of the NYLL and the FLSA in the future.

31. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2), since the unlawful actions of Defendants, as alleged herein, has been taken on grounds equally applicable to all members of the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

32. Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class, which would establish incompatible standards of conduct for Defendants who oppose the Rule 23 Class.

33. Alternatively, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result

of Defendants' common and uniform policies, practices, and procedure that violate the NYLL.

## MATERIAL FACTS RELATED TO DEFENANTS' FAILURE TO PAY WAGES

34. Plaintiff Stancu was hired by Defendant Ethos in or around September of 2015.

35. Plaintiff Stancu was required to perform all relevant tasks in the front of the restaurant including acting as a bartender, waiter, busser and food runner. He also cleaned and stocked the bar and kitchen.

36. Plaintiff worked hard and diligently within the restaurant.

37. Due to his hard work, in or around May of 2016, Plaintiff was asked to work a few days a week in Defendants' other food establishment, Pathos Café, located on 932 1st Ave, New York, NY 10022.

38. Throughout his employment, Plaintiff Stancu worked anywhere from thirty (30) to sixty (60) hours a week.

39. Throughout his employment, Plaintiff Stancu worked only as tipped employee. However, Defendants required that Plaintiff Stancu share his tips with other employees, including the manager. He was not paid any hourly wage for hours worked, nor any overtime wage for hours worked over forty (40).

40. Defendants never provided a wage statement or pay stub detailing hours worked or amount of tips accumulated. Defendants did not have a systematic way of fairly paying their workers. Tips were always kept in house and distributed unevenly between managers and other employees.

41. Throughout his employment, Plaintiff Stancu was never paid on time or on a regular basis.

42. Plaintiff had to plead with one of Defendant Chatiris several times for his paycheck. Plaintiff was often paid a week after the scheduled pay date and only in small increments. Plaintiff kept

a notebook of his wages and had Mr. Chatiris sign after each payment was made. Defendants were aware that they were continuously late and never efficient when it came to paying Plaintiff Stancu.

43. While the tips collected by Defendant Ethos would often be more than one thousand dollars ($1,000.00) per week, Plaintiff Stancu would only be paid that much or less for the entire week no matter how much he actually accumulated.

44. Despite his hard work and long shifts, Plaintiff Stancu was not properly compensated and had his tips stolen from him on a regular basis through a tip pool which included members of management.

45. Defendants often threatened to fire Plaintiff Stancu if he did not agree with their way of payment. Mr. Chatiris was rude and malignant when Plaintiff insisted on being paid on time. Due to the fact Plaintiff was persistent, Mr. Chatiris began to harass him making his work unbearable. Mr. Chatiris often cursed at him in front of other employees and assigned Plaintiff to as much heavy lifting as possible knowing he had a persistent back pain. When Plaintiff asked for help from other workers, Mr., Chatiris refused to let anyone help him. On some occasions Plaintiff had to call out of work due to horrible back pains and soreness.

46. In or around the end of May of 2016, Plaintiff Stancu demanded that he be paid in full and on time because he needed the money. Mr. Chatiris ignored his request and told Plaintiff his pay was not ready. When Plaintiff Stancu insisted that he be paid, Mr. Chatiris responded with "I will give you the money now but you are fired".

47. Throughout his employment Plaintiff Stancu saw that there were two sets of employees, each subject to the illegal tip pool. Some employees were treated identically to Plaintiff Stancu wherein they were paid no hourly rate for any hours worked. Other employees were paid an hourly rate but were still subject to the illegal policy and practice of sharing tips with

managerial employees.

48. If Plaintiff Stancu had not complained about Defendants' violations of the law then he would not have been terminated. In fact, this was the explicit reason given for his termination.

49. As a result, Plaintiff Stancu has lost pay to which he is entitled under the FLSA and NYLL and has been damaged in an amount yet to be determined.

50. Defendants' violations of the FLSA and NYLL were done with knowledge of the law and with full understanding that this policy violated the law.

51. Plaintiff Stancu has lost income due to the loss of his job as he has suffered a period of unemployment.

52. Defendant Ethos is an employer under the FLSA and NYLL.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

54. Defendants willfully employed Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs in the afore-mentioned enterprise and failed to compensate them for all hours worked during their employment.

55. Defendants failed to pay any wages for hours worked by Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs.

56. Defendants failed to pay any wages for hours worked by Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs.

57. Defendants also failed to provide any pay the overtime premium rate of one and a half times their regular hourly rate as is required by the FLSA.

58. Defendants failed to comply with the FLSA caused Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

60. Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

61. Defendants failed to pay Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs any rate of pay for certain hours when they were required to be at work, ready to work, and actually performing work.

62. Defendants' failure to comply with the New York Labor Law minimum wage protections caused Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs to suffer loss of wages and interest thereon.

63. Defendants' failure to pay proper wages for each hour worked was willful.

64. Defendants also failed to pay overtime pay as is required by the New York Labor Law.

65. Defendants also stole tips which were owed to Plaintiff due to the work he performed, which were paid to Plaintiff by clients and to which he is entitled.

66. Defendants also failed to pay any spread of hours pay to Plaintiff for days in which he worked more than ten (10) hours.

67. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

69. Plaintiff complained to Defendants about the manner in which he was being compensated

and the various violations of the wage and hour law.

70. Defendants then retaliated against Plaintiff by immediately terminating his employment.

71. This action violates the New York Labor Law § 215.

72. As a result of this violation, Plaintiff has suffered and continues to suffer loss of wages, benefits and emotional damages for which Defendants are liable.

73. Plaintiff is further entitled to reinstatement, liquidated damages, injunctive relief and attorneys' fees and costs.

## AS A FOURTH CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

75. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

76. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

77. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## JURY DEMAND

78. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs respectfully requests a judgment against the Defendants:

A. Awarding all wages not paid as required under the FLSA and NYLL, plus liquidated damages under both the NYLL and the FLSA and interest;

B. Declaring that Defendants' policies and procedures violate the FLSA and NYLL;

C. Awarding damages to the Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs liquidated and punitive damages;

E. Awarding attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff, Class Plaintiffs and Rule 23 Class Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
October 11, 2016

**THE ROSE LAW GROUP, PLLC**

Jesse C. Rose (JR-2409)
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
PH: (718) 989-1864
Fax: (917) 831-4595